IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Peter D. Brown Trust, | : | Case No. 1:17-cv-280 |
| | : | |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | |
| John Lee Shriver, *et al*., | : | Order Granting Defendants' Motion for |
| | : | Partial Dismissal |
| Defendants. | : | |

This matter is before the Court on the Motion for Partial Dismissal filed by Defendants John Shriver and John L. Shriver Revocable Trust (collectively "Defendants"). (Doc. 21.) For the reasons that follow, Defendants' Motion will be **GRANTED**.

## I. BACKGROUND[1]

This action originally was brought in the United States District Court for the Northern District of Illinois, Eastern Division, on November 15, 2016. (Doc. 1.) On March 21, 2017, the Honorable Charles P. Kocoras granted Defendants' Motion to Dismiss and transferred the action to this Court pursuant to 28 U.S.C. § 1631, § 1406(a), and/or § 1404(a). (Doc. 15.) On May 31, 2017, Defendants filed a Motion for Partial Dismissal (Doc. 21), to which Plaintiff responded (Doc. 27) and Defendants replied (Doc. 28).

As previously set forth by Judge Kocoras, this action pertains to pig farming ventures between two former friends, John Lee Shriver and Thomas Kolter, in the country of Poland. Kolter[2] is Trustee of Plaintiff Peter D. Brown Trust. Defendant Shriver is Trustee of Defendant John L. Shriver Revocable Trust. Plaintiff asserts claims of breach of contract, breach of

---

[1] Presumed to be true for purposes of the pending Motion, the Court has drawn background facts from Plaintiff's Complaint (Doc. 1).

[2] Kolter is not a party to this action.

fiduciary duty, tortious interference, aiding and abetting breach of fiduciary duty, participation in breach of fiduciary duty, estoppel, and accounting. In their Motion, Defendants argue that Plaintiff's claims for aiding and abetting breach of fiduciary duty, participation in breach of fiduciary duty, and equitable estoppel fail as a matter of law.

## II. LEGAL STANDARD

### A. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." To withstand a motion to dismiss pursuant to Rule 12(b)(6), a complaint must comply with the pleading requirements of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 677–78 (2009). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must construe the complaint in a light most favorable to the plaintiff and accept the factual allegations as true. *Lambert v. Hartman*, 517 F.3d 433, 439 (6th Cir. 2008). The Court "need not, however, accept conclusory allegations or conclusions of law dressed up as facts." *Erie Cty., Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 867 (6th Cir. 2012).

## III. ANALYSIS

### A. Aiding and Abetting Breach of Fiduciary Duty and Participation in Breach of Fiduciary Duty

Defendants argue Ohio courts do not recognize Counts V and VI of the Complaint, which allege aiding and abetting breach of fiduciary duty and participation in breach of fiduciary duty. *DeVries Dairy, LLC v. White Eagle Coop. Assoc., Inc.*, 132 Ohio. St. 3d 516, 974 N.E.2d 1194 (2012). In *DeVries*, the United States District Court for the Northern District of Ohio, Western

Division, certified to the Supreme Court of Ohio the question of whether Ohio recognizes a cause of action for tortious acts in concert under the Restatement (2d) of Torts, § 876. *Id*. at 1194–95. This Section provides that a defendant may be held liable if he:

> (a) does a tortious act in concert with the other or pursuant to a common design with him, or
> (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or
> (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

*Sacksteder v. Senney*, No. 24993, 2012 WL 4480695, at *16 (Ohio App. Sept. 28, 2012) (citing Restatement (2d) of Torts, § 876 (1979)). In answering the certified question, the court held that "[t]his court has *never* recognized a claim under 4 Restatement 2d of Tort, Section 876 (1979), and we decline to do so under the circumstances of this case." 974 N.E.2d at 1195 (emphasis added).

Plaintiff argues its claims are viable because the holding of *DeVries* was never intended to apply beyond the circumstances of that case. Not only has that argument has been squarely rejected, but the *DeVries* case also is routinely applied to dismiss analogous claims. *Parlin Fund LLC v. Citibank N.A.*, No. 1:13-cv-111, 2013 WL 3934997, at *8 (S.D. Ohio July 30, 2013) (rejecting the argument that the holding of *DeVries* is limited to the facts of the case and dismissing claims for aiding and abetting fraud and conversion); *Spaude v. Mysyk*, No. 16-cv-1836, 2017 U.S. Dist. LEXIS 155382, at *36–37 (S.D. Ohio July 14, 2017) (dismissing aiding and abetting tortious conduct claims and listing Ohio cases that have rejected similar claims based on *DeVries*), *report and recommendation adopted*, 2017 U.S. Dist. LEXIS 155676, 2017 WL 4221076 (Sept. 22, 2017).

Therefore, as Ohio law does not recognize claims for aiding and abetting tortious conduct, Counts V and VI of the Complaint are properly dismissed.

**B. Estoppel**

Defendants also move to dismiss Count VII of the Complaint, which asserts a cause of action for estoppel under the doctrines of both equitable estoppel and promissory estoppel. Defendants argue that under well-established Ohio law, equitable estoppel is a *defense* to a legal or equitable claim, not a cause of action. *Ohio State Bd. of Pharm. v. Franz*, 51 Ohio St. 3d 143, 145, 555 N.E.2d 630, 633 (1990). Plaintiff does not offer any legal argument to the contrary. Rather, it focuses argument on the viability of a promissory estoppel claim and suggests that the Court could strike references to equitable estoppel from the Complaint. The Court therefore finds that there is no dispute that a claim for equitable estoppel cannot stand. Accordingly, the equitable estoppel claim is dismissed.[3]

**IV. CONCLUSION**

The Court finds Defendants' Motion for Partial Dismissal (Doc. 21) to be well-taken. Counts V and VI are dismissed. Count VII's equitable estoppel claim is dismissed, but the promissory estoppel claim survives.

**IT IS SO ORDERED**.

S/Susan J. Dlott_____  
Judge Susan J. Dlott  
United States District Court

---

[3] The promissory estoppel claim shall remain pending.